**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00012-CR**
_____

**GASANI PAUL BERNARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F20-33999**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Gasani Paul Bernard for aggravated robbery, a first-degree felony. *See* Tex. Penal Code Ann. § 29.03. Pursuant to a plea bargain capping Bernard's punishment at eighteen years of confinement, Bernard pleaded "guilty" to the offense. The trial court signed an Order of Deferred Adjudication as to guilt, placed Bernard on community supervision for ten years, ordered Bernard to pay $2,000 in restitution, and assessed a $1,000 fine.

1

The State filed a motion to revoke Bernard's community supervision, alleging seven violations of the terms of his community supervision. At a hearing on the motion, Bernard pleaded "true" to the allegations. The trial court found the evidence sufficient to find the allegations true, revoked Bernard's community supervision, found Bernard guilty of the offense of aggravated robbery, made an affirmative finding that a deadly weapon was used, and sentenced Bernard to twenty years of confinement. Bernard timely filed his appeal.

On appeal, Appellant's court-ordered attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Bernard to file a pro se brief, and we received no response from Bernard.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found

2

none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on August 21, 2024
Opinion Delivered August 28, 2024
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[1] Bernard may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.